UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIE PEOPLES                          *
      Petitioner                     *
                                     *
v.                                      *        CIVIL NO. L-10-212
                                     *        CRIM. NO. L-04-0423
UNITED STATES OF AMERICA                *
      Respondent                     *
                                *******

MEMORANDUM

Now pending is pro se Petitioner Willie Peoples's motion for relief pursuant to 28 U.S.C.

§ 2255 (Docket No. 50).  Because the facts and legal arguments are adequately set forth in the

existing record, an evidentiary hearing is not necessary.  See United States v. Yearwood, 863

F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if

the record of the case conclusively shows that petitioner is entitled to no relief").  For the reasons

set forth below, the Court will, by separate Order of even date, GRANT the Government's

Motion (Docket No. 51) IN PART, APPOINT Counsel for Peoples, and ORDER further

briefing.

**I.**     **Background**

On June 21, 2005 Petitioner Willie Peoples pled guilty to one count of conspiracy to

distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21

U.S.C. § 846 (Count I), and one count of engaging in a monetary transaction in property derived

from unlawful activity (Count III), in violation of 18 U.S.C. § 1957.  On October 21, 2005, Judge

Davis sentenced Peoples to a term of imprisonment of 196 months on Count I and 120 months

on Count III, to run concurrently.

Peoples did not take an appeal.  Accordingly, his conviction became final on October 31, 2005.  See Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004) (noting that when a defendant does not file an appeal, the conviction becomes final "upon the expiration of the 10-day period for filing a direct appeal").  Nevertheless, on January 27, 2010, more than four years after his conviction became final, Peoples filed the instant motion.

Section 2255 motions are subject to a one year statute of limitations.  See 28 U.S.C. § 2255(f).  The one year period starts from the latest of four possible events, including "the date on which the judgment becomes final."  Id. § 2255(f)(1).  Accordingly, the Government has moved to dismiss Peoples's motion, arguing that it is time-barred.  Docket No. 51.  On February 22, 2010, the Court Ordered Peoples to file a response explaining why his petition is timely or equitable tolling applies.  Docket No. 52.  Peoples filed his response on March 9, 2010.  Docket No. 53.

## II.    Analysis

### A.    Statute of Limitations

As discussed above, the one year period in which a defendant may file a motion for relief pursuant to section 2255 starts from the latest of four possible dates.  See § 2255(f).[2]  Peoples

---

[2] The four possible dates are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

argues that his petition is timely under § 2255(f)(4) because he relies on <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010), which was decided on March 2, 2010.[3]  In <u>Johnson</u>, the Court held that a felony conviction for battery under Florida law does not meet the definition of "violent felony" in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(i).

Although Peoples was not sentenced under the ACCA, he alleges that he received a sentencing enhancement for being a Career Offender.  Am. Mot. 5; <u>see</u> U.S.S.G. § 4B1.1. Peoples argues that, in light of <u>Johnson</u>, Judge Davis erred in concluding that Peoples's 1996 conviction for battery constituted a "violent felony" for purposes of the Career Offender Guideline.

If a petitioner relies on a newly announced right, the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.[4]  § 2255(f)(4). The Fourth Circuit has not yet determined whether <u>Johnson</u> will retroactively apply to cases on collateral review.  Accordingly, the Court will appoint counsel for Peoples and Order further briefing to determine (i) whether <u>Johnson</u> applies to Peoples based on the facts of his sentencing, and (ii) whether <u>Johnson</u> applies retroactively.

### B.     Remaining Claims

In his § 2255 motion, Peoples raises three other grounds for relief.[5]  These three claims are: (1) that Peoples is actually innocent of the 1996 battery charge; (2) that Peoples was not represented by counsel for a 1991 breaking and entering conviction that Judge Davis considered

---

[3] Although Peoples did not cite <u>Johnson</u> in his initial § 2255 motion, the Court will construe his response (Docket No. 53), where he discusses <u>Johnson</u>, as an amended motion.

[4] A change in Supreme Court case law is not, as Peoples contends, newly discovered evidence for purposes § 2255(f)(4).

[5] Peoples's claim that inaccurate information was included in his pre-sentence investigation report is merely a reiteration of his claim that he is actually innocent of the 1996 battery conviction.

in concluding that Peoples was a Career Offender; and (3) that Peoples's counsel was ineffective.[6]  All of these claims fail under § 2255(f)(1).  Having been raised more than one year after the judgment against Peoples became final, they are untimely and time-barred.

Peoples argues that because the Bureau of Prisons prevented him from meeting with his wife, who was acting as his attorney, the claims fall within § 2255(f)(2).  Even assuming that the Government acted unlawfully, this argument fails because there is no right to counsel when collaterally attacking a conviction.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Peoples argues that his claim of actual innocence falls within § 2255(f)(4) because it is based on newly discovered evidence.  The basis for this claim is an affidavit from Janell Campbell, the victim of the 1996 battery.  In her affidavit, which is dated March 11, 2008 and was supplied by Peoples, Campbell affies that she lied in the "Application for Statement of Charges," about the nature and circumstances of her altercation with Peoples.  Campbell insists, however, that she testified truthfully at Peoples's 1996 trial for battery.  Therefore, Campbell's affidavit does not undermine his conviction for battery, and it is not newly discovered evidence for purposes of § 2255(f)(4).

Finally, Peoples argues that the statute of limitations should be equitably tolled because he was unable to consult with his attorney to prepare a petition for a writ of error coram nobis challenging his battery conviction until April 2008.  Peoples argues that he could not file his § 2255 motion until he exhausted his state court remedies.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000).  "To be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his

---

[6] More specifically, Peoples argues (i) that his counsel failed to argue that the battery conviction should not have been included in the pre-sentence investigation report, and (ii) that his counsel failed to file an appeal after Peoples directed him to do so.

control or external to his own conduct, (3) that prevented him from filing on time.'" <u>United States v. Sosa</u>, 354 F.3d 507, 512 (4th Cir. 2004) (internal citations omitted).

Peoples cannot make the requisite showing.  As a threshold matter, exhausting state remedies is not a prerequisite to a § 2255 motion.  Rather, Peoples could have filed his § 2255 motion while the state court petition was pending and requested that his § 2255 motion be held in abeyance.

Even assuming that Peoples was required to exhaust his state court remedies, he did not file his <u>coram</u> <u>nobis</u> petition until 2008, some twelve years after his state conviction and three years after his federal conviction.  Peoples's untimely filing cannot be excused, as he argues, by his ignorance of the law or lack of legal assistance.  <u>See</u> <u>Sosa</u>, 364 F.3d at 512 (pro se status and ignorance of the law does not justify equitable tolling).  Peoples also alleges that being transferred from FCI Fairton to FCI Allenwood disrupted his preparations.  Peoples was not transferred, however, until October 2007, almost a full year after the AEDPA statute of limitations had already expired.  Therefore, the motion is untimely, and there are not grounds for equitably tolling the statute of limitations.

**III.    Conclusion**

For the reasons stated herein, the Court will by separate Order of even date, GRANT the Government's Motion IN PART, APPOINT Counsel for People's, and ORDER further briefing.

_____/s/_____
Benson Everett Legg
United States District Judge